IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOLLY LOUIS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-14-1358-C |
| ) | |
| MERCY HEALTH, a foreign ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff sued Defendant, asserting claims for negligence and intentional infliction of emotional distress. According to Plaintiff, Defendant, through its agent doctors, failed to properly provide medical care. Plaintiff filed the present action on December 8, 2014, and served Defendant by serving its registered service agent on December 10, 2014. Therefore, pursuant to Fed. R. Civ. P. 12, Defendant's answer was due on or before December 31, 2014. On January 5, 2015, Plaintiff filed a Motion for Default Judgment, asserting that Defendant had failed to answer within the appropriate time. On January 9, 2015, Defendant filed a Response to Plaintiff's Motion for Default Judgment and a separate Motion for Leave to File Responsive Pleading Out of Time. In its Response to the request for default judgment, Defendant sets forth the fact that Plaintiff's summons was received by its corporate office in Missouri and, due to illness, the holidays, and inadvertence, its corporate representative failed to forward the documents to appropriate counsel for entry of a timely responsive pleading. Defendant asserts that it has valid defenses to Plaintiff's claims and requests the Court deny the request for default and extend its time to file an answer.

Much of Defendant's Objection and Plaintiff's Reply to the Objection centers on the standard for setting aside a default judgment. However, in this case no default has been entered and therefore the more appropriate standard is whether or not the Court should extend the time for Defendant to answer or file another responsive pleading pursuant to Fed. R. Civ. P. 6(b)(1)(B).

The Tenth Circuit in United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004), noted the Supreme Court's definition of excusable neglect as set forth in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993). The Supreme Court noted that whether a party's neglect was excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. The circumstances to be considered include "'[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Torres, 372 F.3d at 1162 (quoting Pioneer, 507 U.S. at 395).

After considering these factors, the Court finds that Defendant should be granted additional time. In considering the first and second factors, the Court notes that there is a strong preference for resolution of cases on their merits, rather than resolution based on some procedural misstep.[1] As the Tenth Circuit has stated:

> Default judgments are a harsh sanction. M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987).

---

[1] Because the effect of any denial of additional time to Defendant would necessarily lead to entry of default, the Court finds that effect must be considered.

2

> [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."
>
> H.F. Livermore [Corp. v. Aktiengesellschaft Gebruder Loepfe], 432 F.2d [689] at 691 [(D.C. Cir. 1970)], quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983).
>
> We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error.
>
> Cessna Fin. Corp., 715 F.2d at 1444-45.

In re Rains, 946 F.2d 731, 732-33 (10th Cir. 1991). Measured against disfavor of default judgment is the short delay, that is, five days.[2] Given this brief time period, the Court finds there can be little to no prejudice to Plaintiff, nor is there any significant impact on the judicial proceedings in this case. As for the third factor, the Court finds that Defendant has demonstrated a valid reason for the delay. While office procedures should exist to prevent the oversight evident here, it is clear that the circumstances surrounding Defendant's failure to timely respond in this case were unusual and there is no suggestion they are an ordinary course of business for Defendant. To penalize Defendant by entry of default under these circumstances would be unjust. Finally, Plaintiff offers no evidence of bad faith. Accordingly, the Court will

---

[2] Calling the delay "five days" is somewhat generous. The first day was January 1, a federal holiday. The second, January 2, was a Friday, making January 3 and 4 weekend dates. In essence, Plaintiff filed her request for default one business day after the due date for Defendant's Answer or other responsive pleading.

3

deny Plaintiff's request for default judgment and grant Defendant additional time to file its responsive pleading.

In its Motion for Leave to File Responsive Pleading Out of Time, Defendant requests an additional 20 days to file its responsive pleading, or until January 29, 2015. Because the Court could not address the Motion until Plaintiff filed a response, the time remaining between the date of this Order and January 29 is substantially less than 20 days. Accordingly, the Court finds that Defendant shall file its answer or responsive pleading not later than 15 days after the date of this Order.

For the reasons set forth herein, Plaintiff's Motion for Default Judgment (Dkt. No. 6) is DENIED. Defendant's Motion for Leave to File Responsive Pleading Out of Time (Dkt. No. 9) is GRANTED. Defendant shall file its responsive pleading within 15 days of the date of this Order.

IT IS SO ORDERED this 22nd day of January, 2015.

ROBIN J. CAUTHRON
United States District Judge