IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOLLY LOUIS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-14-1358-C |
| ) | |
| MERCY HEALTH, a foreign ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought suit against Defendant alleging state tort claims of intentional infliction of emotional distress and medical negligence. According to Plaintiff, Defendant operates a hospital in Oklahoma City which provided care to her in July of 2014. Plaintiff believes the care she received at that facility fell below the appropriate standard and therefore gave rise to the claims brought in this action.

Defendant filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56 seeking dismissal of Plaintiff's Complaint. Defendant argues that Plaintiff's claim must be dismissed as it fails to comply with a state statute, specifically, 12 Okla. Stat. § 682(b). That statute states:

> B. No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

Defendant argues that because Plaintiff has failed to obtain a judgment against the subsidiary entity – Mercy Hospital Oklahoma City, Inc., – she cannot proceed with her claim against Defendant and therefore dismissal is required. Plaintiff argues the statute is inapplicable, because she is not seeking to impose alter ego liability on Defendant.

After consideration of the parties' arguments, the Court finds that § 682 has no applicability in the present action. As Plaintiff notes, she has brought her claim directly against Defendant. She is not seeking to impose liability on that entity as an alter ego or parent of Mercy Oklahoma City, or on the theory that Defendant was somehow negligent in its supervision of Mercy Oklahoma City. Rather, Plaintiff alleges that Defendant was directly responsible for the injuries she incurred.

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 37) is DENIED.

IT IS SO ORDERED this 16th day of October, 2015.

ROBIN J. CAUTHRON
United States District Judge